UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINSVILLE DIVISION

| | |
|---|---|
| WARREN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )  Civil Action No. |
| | ) |
| UNITED STATES DEPARTMENT | )  2:24-cv-00007-RWS |
| OF LABOR, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**JOINT MOTION FOR WAIVER OF LOCAL RULE 16.2 and 26.1 REQUIREMENTS AND TO STAY LITIGATION DEADLINES, WITH SUPPORTING MEMORANDUM**

Pursuant to Federal Rule of Civil Procedure 7 and Local Rule 7.1, the parties in the above-styled civil action, through their respective counsel, hereby jointly move the Court to waive the requirements of Local Rules 16.2 and 26.1, which would otherwise require the parties to file a Joint Preliminary Report and Initial Disclosures. Except as requested below, the parties further request a stay of all other litigation deadlines, including the requirement for defendants to file an Answer to the Complaint. The reason for this motion is that the requested relief will serve the interests of judicial efficiency and economy. *See* Fed. R. Civ. P. 1.

On January 10, 2024, the Department published its final rule titled Employee or Independent Contractor Classification Under the Fair Labor Standards Act, 89

Fed. Reg. 1638 (the "2024 Rule").  The 2024 Rule took effect on March 11, 2024.  89 Fed. Reg. 1638.  The Complaint, filed on January 16, 2024, and served on March 15, 2024, seeks judicial review of the 2024 Rule pursuant to the Administrative Procedure Act, 5 U.S.C. § 551 et seq. ("APA").  Pursuant to Federal Rule of Civil Procedure 12(a)(2), and Local Rules 16.2 and 26.1, defendants' Answer would be due on May 14, 2024, and Initial Disclosures and the Joint Preliminary Report would be due on June 13, 2024.  Defendants filed the Certification of Administrative Record in this case on March 29, 2024, listing the links to the documents comprising the administrative record, all of which are publicly available.  ECF No. 12-1.

The parties agree that resolution of this case on summary judgment is the proper way to proceed.  In the context of a challenge under the APA, "[s]ummary judgment is the mechanism for deciding whether as a matter of law the agency action is supported by the administrative record and is otherwise consistent with the APA standard of review."  *Brinklys v. Johnson*, 175 F. Supp. 3d 1338, 1350 (M.D. Fla. 2016) (quoting *CS-360, LLC v. U.S. Dep't of Veterans Affs.*, 101 F. Supp. 3d 29, 32 (D.D.C. 2015)), *aff'd sub nom. Brinklys v. Sec'y, Dep't of Homeland Sec.*, 702 F. App'x 856 (11th Cir. 2017).  With the Court's consent, the parties therefore intend to file cross-motions for summary judgment.

Moreover, discovery would be inappropriate, and an Answer is unnecessary. Review of defendants' actions in this APA case is limited to the administrative record before the agency at the time of its decision. *Florida Pwr. & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). Because APA claims are adjudicated on the basis of the administrative record, without a trial or discovery, any discovery beyond the administrative record is permitted only in exceptional cases where the party challenging the agency action makes "a strong showing of bad faith or improper behavior" underlying the agency's decision. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420 (1971). Plaintiffs are not making any such claim at this time. Moreover, Rule 26 of the Federal Rules of Civil Procedure exempts this administrative record review case from initial disclosure, Fed. R. Civ. P. 26(a)(1)(B)(i), and from the requirements for a discovery plan, Fed. R. Civ. P 26(f). Nor would an Answer serve any useful purpose given that "[t]he entire case on review is a question of law, and only a question of law." *Marshall Cnty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993); *Rolling Meadow Ranch Groves, LLC v. United States Dep't of Agric.*, No. 21-14058-CIV, 2023 WL 5300431, at *2 (S.D. Fla. July 16, 2023) (When reviewing agency action under the APA, "[t]he 'entire case' on review is a question of law.") (quoting *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001)).

This Court has "discretion in interpreting, enforcing, and applying [its] Local Rules."  *Sorenson v. Delta Air Lines, Inc.*, 667 F. Supp. 3d 1289, 1306 (N.D. Ga. 2023), *reconsideration denied sub nom. Smith v. Delta Air Lines, Inc.*, No. 1:17-CV-00541-ELR, 2023 WL 5420250 (N.D. Ga. July 24, 2023), and *appeal dismissed,* No. 23-12698, 2024 WL 36572 (11th Cir. Jan. 3, 2024); *see also Moore v. Camden Prop. Tr.*, 816 F. App'x 324, 330 (11th Cir. 2020) (according "great deference" to district court's application of the Local Rules); *Air Line Pilots Ass'n v. Precision Valley Aviation, Inc.,* 26 F.3d 220, 224 (1st Cir.1994) ("Rules of procedure are vitally important in judges' efforts to manage burgeoning caseloads with some semblance of efficiency.  Within wide limits, it is for courts, not litigants, to decide what rules are desirable and how rigorously to enforce them."). It would disserve the interests of judicial efficiency and economy for the parties to make the initial filings required by Local Rules 16.2 and 26.1, and for defendants to file an Answer, because this case must be resolved through summary judgment on the basis of the Administrative Record.  *See* Fed. R. Civ. P. 1; *Lorion*, 470 U.S. at 743-44.

The Court should therefore exercise its wide discretion here to waive the requirements of Local Rules 16.2 and 26.1 and stay all other applicable litigation deadlines, including the requirement to file an Answer, with the exception of the deadlines set forth in the following proposed summary judgment briefing schedule:

4

- April 29, 2024: Plaintiffs shall file a Motion for Summary Judgment.

- May 28, 2024: Defendants shall file a combined Cross-Motion to Dismiss or Alternatively for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment.

- June 18, 2024: Plaintiffs shall file a combined Reply in Support of Plaintiffs' Motion for Summary Judgment and Opposition to Defendants' Cross-Motion for Summary Judgment.

- July 9, 2024: Defendants shall file a Reply in Support of Defendants' Motion to Dismiss or Alternatively for Summary Judgment.

WHEREFORE, the parties pray that this Joint Motion be granted and that all litigation deadlines be stayed except as indicated above and in the proposed order.

This 3rd day of April, 2024.

CONSENTED TO:

| | |
|---|---|
| /s/ Edward Bedard | BRIAN M. BOYNTON |
| Edward Bedard | Acting Assistant Attorney General |
| Ga. Bar No. 926148 | |
| Robbins Alloy Belinfante Littlefield LLC | JULIE STRAUS HARRIS |
| 500 14th Street, NW | Assistant Director, Federal Programs |
| Atlanta, GA 30318 | Branch |
| Tel: (404) 856-3263 | |
| Fax: (404) 856-3255 | /s/ Lisa A. Olson |
| ebedard@robbinsfirm.com | Lisa A. Olson |
| | Senior Trial Counsel |
| /s/ Wilson C. Freeman | U.S. Department of Justice |
| Wilson C. Freeman | Civil Division, Federal Programs |
| Ariz. Bar. No. 036953* | Branch |
| Cal. Bar. No. 264647* | 1100 L Street, N.W., Room 12200 |

5

Pacific Legal Foundation  
555 Capitol Mall, Suite 1290  
Sacramento, CA 95814  
Tel: (916) 419-7111  
Fax: (916) 419-7747  
wfreeman@pacificlegal.org  

Counsel for Plaintiffs  

   *Pro Hac Vice*

Washington, D.C. 20005  
Tel: (202) 514-5633  
Fax: (202) 616-8470  
lisa.olson@usdoj.gov  

Counsel for Defendants