UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| KARON WARREN, DEBORAH KAPLAN, KIMBERLY KAVIN, and JENNIFER SINGER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF LABOR; JULIE SU, as the acting U.S. Secretary of Labor; ADMINISTRATOR JESSICA LOOMAN, as the head of the U.S. Department of Labor's Wage and Hour Division; and U.S. DEPARTMENT OF LABOR, WAGE AND HOUR DIVISION,<br><br>Defendants. | No. 2:24-CV-0007-RWS |

**PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 56.1(B)(2)(a)(1), Plaintiffs submit the following statement of undisputed material facts in support of Plaintiffs' motion for summary judgment.

**I.    The FLSA and prior agency actions**

1.    The Fair Labor Standard Act (FLSA) provides that certain employees are entitled to a minimum wage and overtime pay. Employers who fail to provide these benefits to their employees are potentially subject to criminal penalties and substantial civil liability. 29 U.S.C. §§ 201–219.

1

2.      In early 2021, DOL promulgated a final rule to bring clarity to the scope of the FLSA. Independent Contractor Status Under the FLSA, 86 Fed. Reg. 1168, 1172 (Jan. 7, 2021). DOL's test was based on a thorough review of case law and sought to "sharpen and clarify" the focus of the economic reality test. *Id.* Based on that analysis, DOL determined that two "core" factors—the nature and degree of control over work and the individual's opportunity for profit or loss—were the "most probative" of whether a worker was truly independent. *Id.* at 1246–47.

3.      Later in 2021, DOL postponed the effective date of the 2021 rule and then issued a final rule, without notice and comment, withdrawing the 2021 Rule. Independent Contractor Status Under the FLSA: Withdrawal, 86 Fed. Reg. 24,303 (May 21, 2021).

4.      This withdrawal rule was vacated by the Eastern District of Texas. *Coal. for Workforce Innovation v. Walsh*, No. 1:21-CV-130, 2022 WL 1073346, at *18 (E.D. Tex. Mar. 14, 2022).

5.      On January 10, 2024, DOL published the 2024 Rule, which withdraws the 2021 Rule and replaces the 2021 rule with a new multi-factor framework, using six enumerated factors and a seventh, catchall "additional factors." Employee or Independent Contractor Classification Under the FLSA, 89 Fed. Reg. 1638, 1742–43 (Jan. 10, 2024) (29 C.F.R. § 795.110). The new rule contains no guidance about how to balance those factors. *Id.*

## II.   Plaintiffs and the Impact of the 2024 Rule

6.    Karon Warren is a Georgia resident. Warren Decl. ¶ 2. The remaining Plaintiffs reside in New Jersey. Kaplan Decl. ¶ 2; Kavin Decl. ¶ 2; Singer Decl. ¶ 2.

7.    Plaintiffs work as independent contractors. Warren Decl. ¶¶ 3–5; Kaplan Decl. ¶¶ 3–4; Kavin Decl. ¶ 3; Singer Decl. ¶¶ 3–4;.

8.    Plaintiffs want to remain independent contractors because they value flexibility, because they like the ability to choose their clients and their projects, because they value being able to set their own prices, and so they can control the aspects of their businesses. Warren Decl. ¶¶ 5–7; Kaplan Decl. ¶ 4; Kavin Decl. ¶ 5; Singer Decl. ¶¶ 3–4.

9.    Plaintiffs have had to expend considerable effort to understand and comply with the 2024 Rule, and that will continue if the Rule remains in effect. Warren Decl. ¶¶ 12–13; Kaplan Decl. ¶¶ 10–12; Kavin Decl. ¶¶ 15–17; Singer Decl. ¶¶ 10–11.

10.   The 2024 Rule threatens Plaintiffs' businesses and their ability to retain and get business from clients in comparison with the 2021 Rule. Warren Decl. ¶¶ 7, 11–12; Kaplan Decl. ¶¶ 10–12; Kavin Decl. ¶¶ 14–16; Singer Decl. ¶¶ 7–11.

11.   The 2024 Rule threatens Plaintiffs' ability to work with other independent contractors. Singer Decl. ¶¶ 10–11.

12. Plaintiffs will have to make changes to the way they operate to maintain business and keep clients because of the 2024 Rule. Warren Decl. ¶¶ 12–13; Kaplan Decl. ¶¶ 10–12; Kavin Decl. ¶¶ 15–17; Singer Decl. ¶¶ 10–11.

DATED: April 29, 2024.

Respectfully submitted,

| | |
|---|---|
| */s/ Edward Bedard* | */s/ Wilson C. Freeman* |
| EDWARD BEDARD | WILSON C. FREEMAN* |
| Ga. Bar No. 926148 | Ariz. Bar. No. 036953 |
| Robbins Alloy Belinfante Littlefield LLC | LUKE A. WAKE* |
| | Cal. Bar No. 264647 |
| 500 14th Street, NW | Pacific Legal Foundation |
| Atlanta, Georgia 30318 | 555 Capitol Mall, Suite 1290 |
| Telephone: (404) 856-3263 | Sacramento, California 95814 |
| Facsimile: (404) 856-3255 | Telephone: (916) 419-7111 |
| Email: ebedard@robbinsfirm.com | Facsimile: (916) 419-7747 |
| | Email: wfreeman@pacificlegal.org |
| | Email: lwake@pacificlegal.org |

*\*Pro Hac Vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2024, I served this document via the Court's electronic filing system and/or via U.S. Mail to the Defendants.

*/s/ Wilson C. Freeman*
WILSON C. FREEMAN