UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINSVILLE DIVISION

| | |
|---|---|
| WARREN, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. |
| UNITED STATES DEPARTMENT OF LABOR, *et al.* | ) 2:24-cv-00007-RWS |
| Defendants. | ) |

**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Local Rule 56.1(B)(1), defendants hereby submit their statement of undisputed material facts. This accompanies defendants' motion to dismiss or alternatively for summary judgment.

**A.     The Fair Labor Standards Act**

1.     Congress enacted the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA" or "Act") in 1938 to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Id.* § 202; *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311 (11th Cir. 2013) ("The FLSA's overtime and minimum wage protections were the 'method chosen to free commerce from the interferences arising from production of goods under conditions that were detrimental to the

health and well-being of workers.'") (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 727 (1947)); *Usery v. Pilgrim Equip. Co.*, 527 F.2d 1308, 1310-11 (5th Cir. 1976) (same).

2. The FLSA requires covered employers to pay nonexempt employees at least the federal minimum wage and, for hours worked in excess of 40 hours in a workweek, 1.5 times the employee's regular rate. 29 U.S.C. §§ 206(a) & 207(a).

3. The FLSA also mandates that employers keep certain records regarding employees. *Id.* § 211(c).

4. The Act generally defines an employee as "any individual employed by an employer," 29 U.S.C. § 203(e)(1), an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee," *id.* § 203(d), and to "employ" as including "to suffer or permit to work," *id.* § 203(g).

5. The FLSA does not define independent contractor; independent contractors are outside the broad scope of workers covered as employees by the Act. *Rutherford*, 331 U.S.at 729; 89 Fed. Reg. 1638.

6. Since the 1940s, courts have applied an "economic reality" analysis, grounded in the FLSA's broad definitions of employment, to determine whether a worker is an employee or an independent contractor under the Act. 89 Fed. Reg. 1638, 1641-42 (citing *Rutherford*, 331 U.S. 722 (1947) and discussing *U.S. v. Silk*,

331 U.S. 704 (1947); *Bartels v. Birmingham*, 332 U.S. 126 (1947); *NLRB v. Hearst Publ'ns, Inc.*, 322 U.S. 111 (1944)).

7. Under the "economic reality" analysis, the ultimate inquiry is whether, as a matter of economic reality, the worker is economically dependent on the employer for work (and is thus an employee) or is in business for herself (and is thus an independent contractor), rather than simply whether the employer has control over the worker under the narrower standards of the common law.  89 Fed. Reg. 1638, 1641.

8. In assessing economic dependence, courts have historically conducted a totality-of-the-circumstances analysis and considered multiple factors, with no one factor or factors having predetermined weight.  *Id.* at 1638, 1641-44.

9. These factors generally include the opportunity for profit or loss, investment, permanency, control, whether the work is an integral part of the employer's business, and skill and initiative.  *Id.* at 1638, 1641-43.

10. Specifically, in *Silk*, the Supreme Court identified five factors as "important" for distinguishing between employees and independent contractors: "degrees of control, opportunities for profit or loss, investment in facilities, permanency of relation[,] and skill required in the claimed independent operation." *Id.* at 1641 (quoting *Silk*, 331 U.S. at 716).

11. However, the Court explained that no single factor is dispositive, nor are the listed factors exhaustive. *Id.* (citing *Silk*, 331 U.S. at 716 (stating that "[n]o one is controlling nor is the list complete")).

12. Consistent with *Silk*, *Rutherford*, and their progeny, *all* federal courts of appeals apply the totality-of-the-circumstances economic reality analysis, using the factors articulated in those cases while acknowledging that they are not exhaustive and should not be applied mechanically. *Id.* at 1642 & nn.52-53 (listing cases, including *Scantland*, 721 F.3d at 1311-12).

13. No federal court of appeals has allowed any factor to invariably predominate over others. 89 Fed. Reg. 1642 & n.53 (listing cases, including *Scantland*, 721 F.3d at 1312).

14. For example, the Eleventh Circuit "look[ed] to the "economic reality" of the relationship between the alleged employee and the alleged employer and whether that relationship demonstrate[d] dependence." *Scantland*, 721 F.3d at 1311.

15. The Eleventh Circuit listed the six factors "relevant to determining whether an individual is an employee or independent contractor" under the "economic reality test," *i.e.*, (1) the degree of the alleged employer's right to control the manner in which the work is to be performed; (2) the worker's opportunity for profit or loss depending upon their managerial skill; (3) the

4

worker's investment in equipment or materials required for their task, or their employment of helpers; (4) whether the service rendered requires a special skill; (5) the degree of permanence of the working relationship; and (6) the extent to which the service rendered is an integral part of the alleged employer's business. *Id.* at 1311-12.

16. The Eleventh Circuit then applied the six-factor test to guide its inquiry, repeating the Supreme Court's admonition from *Silk* that "[n]o one factor is controlling, nor is the list exhaustive." *Id.* at 1312 n.2 (the relative weight of each factor "depends on the facts of the case")); *see also Yoder v. Fed. Fla. Farm Bureau*, No. 22-11135, 2023 WL 3151107, at *2 (11th Cir. Apr. 28, 2023) (using the "six non-exhaustive *Scantland* factors to guide the economic reality inquiry"); *Nieman v. Nat'l Claims Adjusters, Inc.*, 775 Fed. Appx. 622, 623 (11th Cir. 2019) (listing the six factors that "guide the economic reality inquiry").

17. On the same day that the Supreme Court decided *Silk*, it also decided *Rutherford*, in which it affirmed a federal court of appeals decision that analyzed an FLSA employment relationship based on economic realities. 89 Fed. Reg. 1641 (citing *Rutherford*, 331 U.S. at 727).

18. In *Rutherford*, the Court considered several of the *Silk* factors and also noted that the workers in question were best characterized as "part of the integrated unit of production under such circumstances that the workers

5

performing the task were employees." *Id.* at 1641 (quoting *Rutherford*, 331 U.S. at 729-30).

19. In the years since the Supreme Court set forth these principles, the Court has steadfastly rejected common law control as the determining factor under the FLSA and has remained committed to determining employment under the FLSA holistically by analyzing the economic realities of the working relationship. *Id.* at 1642 (citing *Goldberg v. Whitaker House Co-op, Inc.*, 366 U.S. 28, 33 (1961) (economic reality remained the test of employment under the FLSA) (citing *Silk* and *Rutherford*)); *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 325-26 (1992) (FLSA defines employee to cover some parties who might not qualify as such under the common law) (citing *Rutherford*)).

20. When distinguishing between employees and independent contractors under the common law, courts evaluate "the hiring party's right to control the manner and means by which the product is accomplished." 89 Fed. Reg. 1641 & n.29 (quoting *Comty. for Creative Nonviolence v. Reid*, 490 U.S. 730, 751 (1989)).

21. Unlike the common law's control-focused analysis, the economic reality test under the FLSA focuses more broadly on a worker's economic dependence on an employer for work. 89 Fed. Reg. 1641; *see Yoder*, 2023 WL 3151107, at \*2 ("our circuit holds that '[t]he common law concepts of "employee"

and "independent contractor" [are] specifically rejected as determinants of who is protected' by the FLSA") (quoting *Pilgrim Equip.*, 527 F.2d at 1311).

### C. The Department's Prior Guidance

22. In 1949, the Department first issued an opinion letter "distilling six 'primary factors which the Court considered significant' in *Rutherford* and *Silk*," emphasizing that "no single factor is controlling" in determining whether an employment relationship exists under the FLSA. 89 Fed. Reg. 1643.

23. In the decades since, the Department of Labor ("Department") has generally applied a similar multifactor economic reality analysis, following legal precedent and the guiding principles announced therein not to apply factors mechanically or assign any factor a predetermined weight. *Id.* at 1642-44.

### D. The 2021 Independent Contractor Rule

24. On January 7, 2021, the Department published the 2021 Rule with an effective date of March 8, 2021. *See* 86 Fed. Reg. 1168.

25. The 2021 Rule added a new part to Title 29 of the Code of Federal Regulations (Part 795), introducing a new generally applicable interpretation regarding whether a worker is an employee or an independent contractor under the FLSA. 89 Fed. Reg. 1638-39, 1727.

26. Although the 2021 Rule reiterated the longstanding principle that a worker is an employee if, as a matter of economic reality, the worker is

7

economically dependent on the employer for work, *id.* at 1644, the rule made significant changes to how the analysis is applied, *id.* at 1638-45.

28. The Department and most courts have applied the six economic reality factors to determine whether a worker is an employee under the FLSA or an independent contractor. *Id.* at 1641-44 (discussing case law and Department guidance).

28. The 2021 Rule, on the other hand, applied five economic reality factors in a novel fashion. In contrast to the Department's prior guidance and contrary to case law, the 2021 Rule designated two of the five factors as "core factors" that should always carry greater weight in the analysis, meaning that, if they both indicate the same classification, there is a "substantial likelihood" that that classification is the correct classification. 89 Fed. Reg. 1638; *see* 29 C.F.R. § 795.105(c), *quoted in* 86 Fed. Reg. 1246.

29. The two core factors were: (1) the nature and degree of control over the work, and (2) the worker's opportunity for profit or loss (which included the workers' initiative and investments). 89 Fed. Reg. 1644.

30. The three remaining, "less probative" factors were: (3) the amount of skill required for the work, (4) the degree of permanence of the working relationship between the worker and the employer, and (5) whether the work is part of an integrated unit of production. *Id.* at 1645; 86 Fed. Reg. 1171.

31. Under the 2021 Rule, these other factors were "less probative and, in some cases, may not be probative at all" of economic dependence and were "'highly unlikely, either individually or collectively, to outweigh the combined probative value of the two core factors.'" 89 Fed. Reg. 1645.

32. The 2021 Rule also considered investment and initiative only as part of the opportunity for profit or loss factor, and excluded consideration of whether the work performed is central or important to the potential employer's business. These and other provisions in the 2021 Rule narrowed the economic reality test by limiting the facts that may be considered as part of the test—facts which the Department believes are relevant in determining whether a worker is economically dependent on the employer for work or is in business for themself. *Id.* at 1647.

33. Shortly after the change in Administration in 2021, the Department first delayed and then withdrew the 2021 Rule. *See* 86 Fed. Reg. 12535 (Mar. 4, 2021) (the Delay Rule); 86 Fed. Reg. 24303 (May 6, 2021) (the Withdrawal Rule).

34. Both the Delay Rule and the Withdrawal Rule were challenged in *Coalition for Workforce Innovation v. Walsh*, No. 1:21-cv-130, 2022 WL 1073346 (E.D. Tex. Mar. 14, 2022) ("*CWI*").

35. The district court in *CWI* held that the Delay and Withdrawal Rules violated certain provisions of the Administrative Procedure Act and vacated both. *See CWI*, No. 1:21-cv-130, 2022 WL 1073346 (E.D. Tex. Mar. 14, 2022).

36. The Department appealed the district court's decision in *CWI*.

37. The Fifth Circuit ultimately vacated the district court's decision as moot after the Department promulgated the 2024 Rule. *See* Order, *CWI*, No. 22-40316 (5th Cir. Feb. 19, 2024).

38. On October 13, 2022, the Department published in the Federal Register a new proposed rule for public comment. *See Employee or Independent Contractor Classification Under the Fair Labor Standards Act*, 87 Fed. Reg. 62,218 (Oct. 13, 2022), *available at* https://www.govinfo.gov/content/pkg/FR-2022-10-13/pdf/2022-21454.pdf.

39. After receiving and considering over 55,000 comments on the proposed rule, on January 10, 2024, the Department promulgated the 2024 Rule, which became effective on March 11, 2024. *See Employee or Independent Contractor Classification Under the Fair Labor Standards Act*, 89 Fed. Reg. 1638-01 (Jan. 10, 2024).

40. The 2024 Rule rescinds the 2021 Rule and separately replaces it with an interpretation that is more consistent with judicial precedent and the Act's text and purpose as interpreted by the courts. 89 Fed. Reg. 1638, 1647; *see* 29 C.F.R. Part 795.

41. Specifically, the 2024 Rule embodies a totality-of-the-circumstances economic reality analysis in which no factor has predetermined weight. 89 Fed.

Reg. 1645.

42. The factors identified in the 2024 Rule include: (1) the worker's opportunity for profit or loss depending on managerial skill; (2) investments by the worker and the potential employer; (3) degree of permanence of the work relationship; (4) nature and degree of control; (5) extent to which the work performed is an integral part of the potential employer's business; and (6) the worker's skill and initiative. 29 C.F.R. §§ 795.110(b)(1)-(6).

43. The preamble to the 2024 Rule also provides a detailed discussion of the application of each factor to serve as a guide for determining whether a worker is an employee or independent contractor. *See* 89 Fed. Reg. 1671-1725.

44. However, the 2024 Rule expressly emphasizes that it consists solely of "general interpretations" and is "intended to serve as a 'practical guide to employers and employees' as to how the Department will seek to apply the Act." 29 C.F.R. § 795.100.

**F.     This Lawsuit**

45. Plaintiffs filed their Complaint on January 16, 2024. *See* ECF No. 1.

46. Plaintiffs advance three claims: (1) the 2024 Rule is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law in violation of the APA, 5 U.S.C. § 706(2)(A), Compl. ¶¶ 49-54; (2) the 2024 Rule was issued in excess of statutory authority and is therefore invalid under 5 U.S.C.

§ 706(2)(C), Compl. ¶¶ 55-59; and (3) the 2024 Rule is unconstitutionally vague, Compl. ¶¶ 60-63.

47.   Plaintiffs seek a declaratory judgment holding unlawful and setting aside the rescission of the 2021 Rule, and they seek to enjoin the Department from enforcing the 2024 Rule.  Compl. Prayer for Relief; Pl. Mem. at 30.

Dated: May 28, 2024               Respectfully submitted,

                                  BRIAN M. BOYNTON
                                  Acting Assistant Attorney General

                                  JULIE STRAUS HARRIS
                                  Assistant Director, Federal Programs Branch


                                  */s/ Lisa A. Olson*
                                  LISA A. OLSON
                                  Senior Trial Counsel
                                  U.S. Department of Justice
                                  Civil Division, Federal Programs Branch
                                  1100 L Street, N.W., Room 12200
                                  Washington, D.C. 20005
                                  Telephone: (202) 514-5633
                                  Email: Lisa.Olson@usdoj.gov